IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

LARRY J. CULLUM §

VS. § CIVIL ACTION NO. 1:06cv309

WARDEN FOX §

MEMORANDUM OPINION

Petitioner Larry J. Cullum, an inmate confined at the Federal Correctional Complex at Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus.

Factual Background

In 1990, petitioner was convicted of several criminal offenses in the United States District Court for the Western District of Texas. He was sentenced to 131 months imprisonment. The convictions and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. *United States v. Devine*, 934 F.2d 1325 (5th Cir. 1991).

The Petitioner

Normally a person challenging a federal criminal conviction proceeds under 28 U.S.C. § 2255. In rare cases, a challenge to a federal criminal conviction may be brought pursuant to 28 U.S.C. § 2241. However, petitioner states he is pursuing pursuant to 28 U.S.C. § 451. He asserts Public Law 80-773, which repealed a former version of Section 451 and enacted Sections 2241 and 2255 into law, was not validly enacted.

Petitioner also contends his convictions are invalid because Public Law 80-772, which enacted into law 28 U.S.C. § 3231,

giving federal district courts jurisdiction to try offenses against the United States, was not properly enacted into law.

Analysis

The current version of 28 U.S.C. § 451 provides definitions applicable to federal courts and judges. It does not provide persons challenging a federal criminal conviction with a basis for jurisdiction. Petitioner argues that the current version of Section 451 as well as the current versions of 28 U.S.C. §§ 2241 and 2255 are void because they were not properly enacted into law. Petitioner states that Public Law 80-773, which repealed the former version of Section 451 and enacted the current versions of Section 2241 and 2255 into law, is invalid because the Senate did not pass the bill until the House of Representatives' version of the bill was killed as a result of the House adjourning *sine die* following the first session of the 80th Congress, Based on this argument, petitioner contends the prior version of Section 451, which permitted federal courts to issue writs of habeas corpus, is still in effect.

*Derleth v. United States*, 2006 WL 1804618 (S.D. Tex. 2006), involved a similar challenge to Public Law 80-773. The petitioner contended that the adjournment of the House after the first session of the 80th Congress in July, 1947, killed the House of Representatives' version of what later became Public Law 80-773. He states that while the Senate later passed another version, the bill was never lawfully passed by both chambers of Congress. However, the United States District Court for the

Southern District of Texas stated there was no constitutional requirement that bills passed by one chamber of Congress before an inter-session adjournment of the same Congress are void. The court further observed that rules of Congress suggest that legislative business generally continues between sessions of the same Congress as if no adjournment had taken place. The court therefore concluded Public Law 80-773 was validly enacted. Other district courts have reached the same conclusion. *Martinez v. Gonzalez*, 2006 WL 2982856 (M.D. Fla. Oct. 18, 2006); *Mims v. United States*, 2006 WL 2559534 (E.D. Tex. Sept. 1, 2006).

The court agrees with this reasoning. Public Law 80-773, which repealed the prior version of Section 451, was validly enacted. As a result, Section 451 does not provide petitioner with a basis for jurisdiction.

Petitioner clearly states he is not attempting to proceed pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. However, even if the court construed the petition as being brought pursuant to such sections, he would not be entitled to relief. The court lacks authority to grant relief pursuant to § 2255 because the sentence challenged was imposed by the United States District Court for the Western District of Texas rather than this court. Moreover, petitioner is not entitled to relief under Section 2241 because his ground for review: (a) is not based on a retroactively applicable Supreme Court decision which establishes he was convicted of a nonexistent offense and (b) was not foreclosed by circuit law at the time the ground for review could

have been raised during petitioner's trial, direct appeal or the motion to vacate, set aside or correct sentence previously filed. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Conclusion

For the reasons set forth above, petitioner is not entitled to relief under Sections 451, 2241 or 2255. As a result, this petition will be dismissed. A final judgment shall be entered in accordance with this memorandum opinion.

**SIGNED** this the **11** day of **December, 2006.**

Thad Heartfield
United States District Judge